**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT L. GARBER, on behalf of himself and all others similarly situated and derivatively on behalf of Wm. Wrigley Jr. Company, )<br>)<br>)<br>)<br>) | |
| Plaintiff, ) | Case No. 08 CV 2449 |
| ) | Hon. George W. Lindberg |
| vs. ) | |
| ) | |
| WILLIAM WRIGLEY, JR., WILLIAM D. PEREZ, JOHN F. BARD, HOWARD B. BERNICK, THOMAS A. KNOWLTON, JOHN RAU, STEVEN B. SAMPLE, ALEX SHUMATE, RICHARD K. SMUCKER, and MELINDA R. RICH, )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants, ) | |
| - and - ) | |
| WM. WRIGLEY JR. COMPANY, a Delaware corporation, )<br>) | |
| Nominal Defendant. ) | |

**DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS**

This action, brought by a lone shareholder of Wm. Wrigley Jr. Company ("Wrigley"), seeks to enjoin the recently announced cash purchase of Wrigley by Mars, Incorporated ("Mars"). Under the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), Defendants respectfully move for a stay of proceedings in view of two near-identical proceedings pending in the Delaware Chancery Court. In support of this Motion, Defendants submit herewith a supporting memorandum of law and further state as follows:

**Background**

1.      On April 28, 2008, Wrigley announced that it agreed to a proposed merger with Mars. Under the terms of the proposed merger, Mars will pay $80 in cash for each share of Wrigley.

2.      One day after the announcement of the proposed merger, on April 29, 2008, Plaintiff Robert L. Garber, a purported holder of Wrigley shares, filed in this Court a class action and derivative complaint for breach of fiduciary duty against Wrigley and its directors.

3.      On May 8, 2008, Insulators and Asbestos Workers Local No. 14, a purported shareholder, filed in Delaware Chancery Court a parallel class action complaint. *Insulators & Asbestos Workers No. 14 v. William Wrigley, Jr. et al.*, Case No. 3750 (Del. Ch.). Also on May 8, 2008, purported shareholder Cora E. Bennett filed in Delaware Chancery Court another class action complaint, *Cora E. Bennett v. William Wrigley, Jr. et al.*, Case No. 3756 (Del. Ch.). Wrigley answered both Delaware complaints on May 16, 2008.

4.      The three complaints are nearly identical in all key respects. Each of the three complaints purports to be brought on behalf of the same class of Wrigley shareholders, asserts largely the same factual allegations, and seeks to enjoin the merger.

**Argument**

5.      The proceedings here should be stayed pursuant to the abstention doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976), which authorizes a federal court to "stay a suit in exceptional circumstances when there is a concurrent state proceeding and the stay 'would promote wise judicial administration.'" *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004). Under *Colorado River*, a stay properly may issue where (i) concurrent state and federal proceedings are parallel, and (ii) "exceptional circumstances" exist

to justify a stay. *See*, *e.g.*, *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700-01 (7th Cir. 1992).

6. This case satisfies the first requirement for a stay because the proceedings are parallel. Courts deem proceedings parallel under *Colorado River* when "'substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'" *Id.* at 700 (citations omitted). The proceedings here and in Delaware qualify as parallel, because they involve the same parties, are contemporaneous, concern the same issues, and are in different forums.

7. This case also meets the second requirement for a stay, because exceptional circumstances exist under the relevant factors. One factor, the desirability of avoiding piecemeal litigation, particularly supports a stay here. The Seventh Circuit in several cases has emphasized this factor in upholding a stay where parallel proceedings involved the same central issues and posed a risk of duplicative litigation and inconsistent results. *See Clark*, 376 F.3d at 687 (stating that, "[n]ot only would a stay save judicial resources, but it would also protect against the danger of the two proceedings reaching inconsistent results"). The policy against piecemeal litigation especially applies here, because the *Garber* complaint and the Delaware complaints all turn on the same issue: whether Defendants breached their fiduciary duties in approving Mars's purchase of Wrigley. To save judicial resources and to preclude inconsistent results, the Court should stay the proceedings here and allow that issue to be resolved in Delaware.

8. Another factor, the source of governing law, also militates in favor of a stay. Because Wrigley is a Delaware corporation, Delaware law governs its internal affairs, including the purported breaches of fiduciary duty at issue here. The Delaware Chancery Court therefore should adjudicate the proceedings. *See Clark*, 376 F.3d at 687-88 (deferring to the New York

courts to consider the issues presented where New York state law governed the parallel proceedings).

9.     Finally, Garber will suffer no prejudice if the proceedings here are stayed, because nearly identical proceedings seeking the same relief will continue in Delaware. Garber is a member of the putative class in the Delaware actions, and therefore his interests in the outcome of this dispute will remain adequately protected if this action is stayed.

WHEREFORE, for the foregoing reasons and for the reasons set forth in the supporting memorandum of law, the Defendants respectfully request that the Court grant this motion for a stay of proceedings pending resolution of the parallel proceedings in Delaware.

Dated: May 16, 2008  
      Chicago, Illinois

Respectfully submitted,

/s/ Matthew R. Kipp  
Matthew R. Kipp  
Donna L. McDevitt  
Nick D. Campanario  
William M. Rohner  
SKADDEN ARPS SLATE  
 MEAGHER & FLOM LLP  
333 West Wacker Drive, Suite 2100  
Chicago, Illinois 60606  
(312) 407-0700

Counsel for Defendants

## CERTIFICATE OF SERVICE

      Matthew R. Kipp, an attorney, hereby certifies that on May 16, 2008, he caused true and correct copies of the foregoing, *Defendants' Motion for a Stay of Proceedings*, to be served by the Court's CM-ECF system and served by messenger on Chicago counsel and by FedEx on out-of-state counsel at the addresses listed below:

LASKY & RIFKIND, LTD.
Leigh R. Lasky
Norman Rifkind
Amelia S. Newton
350 North LaSalle Street, Suite 1320
Chicago, Illinois 60610

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
Darren J. Robbins
Randall J. Baron
A. Rick Atwood, Jr.
655 West Broadway, Suite 1900
San Diego, California 92101

LAW OFFICES OF ALFRED G. YATES JR., PC
Alfred G. Yates, Jr.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, Pennsylvania 15219


        /s/ Matthew R. Kipp
        Matthew R. Kipp